IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Ronald SYLVAN, Attorney at Law.

Supreme Court

*No. 96–0055–CR. Filed June 21, 1996.*

(Also reported in 549 N.W.2d 249.)

PER CURIAM.   We review the recommendation of the referee that the license of Ronald W. Sylvan to practice law in Wisconsin be suspended for 60 days as discipline for professional misconduct. Attorney Sylvan failed to probate an estate timely and with reasonable

diligence, failed to keep the estate's personal representative reasonably informed about the status of the probate and reply to his reasonable requests for information, charged an excessive and unreasonable fee based on a percentage of the estate, contrary to statute, and failed to cooperate with the Board of Attorneys Professional Responsibility's (Board) investigation into the matter. The referee also recommended that Attorney Sylvan be required to make restitution to the estate for the excessive fee he charged and received.

We determine that the seriousness of Attorney Sylvan's professional misconduct and his apparent failure to appreciate its seriousness warrant a 60-day suspension of his license to practice law. It is also appropriate that he be required to make restitution to the estate for the amount by which the fee he charged and collected exceeded a reasonable amount.

Attorney Sylvan was admitted to practice law in Wisconsin in 1959 and practiced in Menomonee Falls. He has not been the subject of a prior disciplinary proceeding but has been suspended from the practice of law since June, 1994 for failure to comply with continuing legal education requirements. Because of his failure to file an answer to the Board's complaint, the referee, Attorney Jean DiMotto, granted the Board's motion for default and made findings of fact based on the Board's complaint.

Attorney Sylvan was retained in January, 1992 to probate the estate of a client's mother. That estate consisted of solely owned property in the amount of approximately $353,000, in the form of certificates of deposit, savings bonds, a treasury note, a demand note, a checking account, a life insurance policy and miscellaneous stock. Attorney Sylvan commenced informal probate and after filing the general inventory did noth-

ing in the estate for more than a year. The probate court notified him in June, 1993 that four items were needed to close the estate: the judgment on claims, a closing certificate for fiduciaries, receipts and a statement to close. The court stated that if the estate were not closed promptly, it would issue an order to show cause. Soon after receiving that letter from the court, Attorney Sylvan assured the personal representative that there would be no difficulty getting everything completed to close the estate promptly.

When the estate was not closed six months later, the court issued an order to show cause, and on the return date Attorney Sylvan filed the receipts and the closing certificate and obtained a two-month extension to furnish the remaining two items. When nothing was done over the next three months and Attorney Sylvan failed to appear at the adjourned return date on the order to show cause, the court removed him as attorney for the estate and appointed a successor, who promptly closed the estate, charging $150 to do so.

After filing the application for informal probate, Attorney Sylvan did not communicate with or respond to the inquiries of the personal representative for extended periods of time, despite numerous attempts by the personal representative to contact him by telephone. As a result, the personal representative experienced needless concern and anxiety.

The probate of the estate was simple and uncomplicated in view of the nature of the assets and the number and identity of the beneficiaries. Moreover, the personal representative handled liquidation and distribution of the assets to the beneficiaries. Also, Attorney Sylvan did not prepare or file the estate tax returns. Yet, Attorney Sylvan, who kept no time records for the work he performed in the probate, charged and

received fees of $10,598, representing three percent of the estate's asset value, despite a statutory proscription of percentage fees in probate, Wis. Stat. § 851.40(2)(e).[1] The referee found that the maximum reasonable fee to which an experienced attorney would be entitled for the probate of this estate is $2500.

When the Board requested a response to the personal representative's grievance, Attorney Sylvan did not respond. He also did not respond to a second letter from the Board. After it discovered that Attorney Sylvan's office telephone had been disconnected, the Board learned where he was residing and telephoned him there, leaving a message on his answering machine. Attorney Sylvan did not return that call or respond to another letter sent to his new address. When the grievance was referred to the district professional responsibility committee for investigation, Attorney Sylvan met with the investigator and admitted that he had received the Board's inquiries but gave no reason for not responding to them or cooperating with the Board.

The referee concluded that Attorney Sylvan's failure to probate the estate with reasonable diligence and

---

[1] Wis. Stat. § 851.40 (1993-94) provides, in part:

**Basis for attorney fees.**

. . .

(2)  Any personal representative, heir, beneficiary under a will or other interested party may petition the court to review any attorney's fee which is subject to sub. (1). If the decedent died intestate or the testator's will contains no provision concerning attorney fees, the court shall consider the following factors in determining what is just and reasonable attorney's fee:

. . .

(e)  The sufficiency of assets properly available to pay for the services, except that the value of the estate may not be the controlling factor.

promptness violated SCR 20:1.3;[2] his failure to keep the personal representative reasonably informed of the status of the probate and reply to reasonable requests for information violated SCR 20:1.4(a);[3] his charging an excessive and unreasonable fee violated SCR 20:1.5(a)[4] and, because it was contrary to statute, also violated SCR 20:8.4(f).[5] Finally, Attorney Sylvan's fail-

[2] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[3] SCR 20:1.4 provides, in pertinent part:

**Communication**
(a)   A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[4] SCR 20:1.5 provides, in pertinent part:

**Fees**
(a)   A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1)   the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2)   the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3)   the fee customarily charged in the locality for similar legal services;
(4)   the amount involved and the results obtained;
(5)   the time limitations imposed by the client or by the circumstances;
(6)   the nature and length of the professional relationship with the client;
(7)   the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8)   whether the fee is fixed or contingent.

[5] SCR 20:8.4 provides, in pertinent part:

ure to cooperate with the Board's investigation violated SCR 21.03(4)[6] and 22.07(2).[7]

As discipline for that misconduct, the referee recommended a 60-day license suspension. That recommendation was based, in part, on Attorney Sylvan's conduct during the course of the disciplinary proceeding: he failed for over seven weeks to respond to the complaint, although he did appear at the hearing on the default judgment motion; he twice failed to name witnesses to establish mitigation on his claim of physical and mental illness; he failed to give notice of the location where he might be reached, even when replying to the referee's specific request that he do so.

**Misconduct**

It is professional misconduct for a lawyer to:

. . .

(f)   violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers;

[6] SCR 21.03 provides, in pertinent part:

**General principles.**

. . .

(4)   Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[7] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2)   During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

The referee viewed such conduct as demonstrating Attorney Sylvan's failure to appreciate the seriousness of this disciplinary proceeding.

The referee further determined that Attorney Sylvan's statements at the hearing demonstrated his failure to appreciate the seriousness and wrongfulness of his misconduct. At that hearing, Attorney Sylvan took the position that a client's agreement to a fee or a court's approval of it without knowledge of its excessiveness or that it was calculated on an impermissible basis mitigated if not obviated the problem. He also took the position in his brief on sanction that his offer to repay the personal representative the $150 paid to successor counsel to close the estate constituted sufficient restitution.

In addition to the suspension, the referee recommended that Attorney Sylvan be required to make restitution to the estate in the amount of $8,098, the amount by which his fee exceeded a reasonable fee for his work in the matter. The referee also recommended that Attorney Sylvan be required to pay the costs of this proceeding.

We adopt the referee's findings of fact and conclusions of law and determine that Attorney Sylvan's professional misconduct, viewed in light of his conduct in the course of this proceeding, warrant the 60-day license suspension recommended by the referee. In addition, he is required to make restitution to the estate as the referee recommended.

IT IS ORDERED that the license of Attorney Ronald W. Sylvan to practice law in Wisconsin is suspended for a period of 60 days, effective the date of the order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Ronald W. Sylvan make restitution in the amount of $8,098 as set forth in the referee's report.

IT IS FURTHER ORDERED that within 60 days of the date of this order Ronald W. Sylvan pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Ronald W. Sylvan to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Ronald W. Sylvan comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.